## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

CAROLINE FOOTE-JOHNSON,

    Plaintiff,

v.	Case No.:

FL HUD Bayside, LLC,

    Defendant.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Caroline Foote-Johnson, by and through her undersigned counsel, and hereby files this Initial Complaint against defendant, FL HUD Bayside, LLC, and alleges:

### I. *Jurisdiction and Venue*

1.	This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29 U.S.C. § 201, *et seq.* This Court also has supplemental/pendent jurisdiction over any claims brought by plaintiff pursuant to state law.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b) and (c) because the claims arose in this district; defendant has an office and operates in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendant is subject to personal jurisdiction in this district.

## *II.  Parties*

3. At all times relevant hereto, plaintiff, Caroline Foote-Johnson, was an employee of defendant.

4. At all times relevant hereto, defendant, FL HUD Bayside, LLC (hereinafter "defendant"), employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

5. Defendant is subject to, and not exempt from, the provisions of the FLSA.

## *III.  Factual Allegations*

6. Plaintiff is a former employee of defendant who worked for it, or a predecessor, for over six years.

7. At all times relevant hereto, plaintiff ostensibly held the position of

Dietary Manager working at its residential skilled nursing and rehabilitation facility located in Pensacola, Florida.

8. Plaintiff was qualified for the position she held with defendant. She met all of the minimum requirements for her position, and she could perform all of the essential functions of her job.

9. Despite her job title, the primary function of plaintiff's job was to perform cook, dietary aid, and other hourly worker-type duties which were of a non-exempt nature.

10. In fact, for the three years immediately preceding the filing of this lawsuit plaintiff spent the vast majority of her time at work performing non-exempt work such as cooking food, washing dishes, serving residents, cleaning floors, covering the shifts of non-exempt workers, and otherwise performing other non-exempt work.

11. Nevertheless, defendant mischaracterized plaintiff as an FLSA-exempt employee for at least a portion of the time during the three years immediately prior to the filing of this lawsuit.

12. During at least a portion of the 2020 calendar year, defendant recognized the predominantly non-exempt nature of plaintiff's work and changed its pay practices so she was paid based upon the quantity of her work. That is, for

the majority of the 2020 calendar year she was paid on a straight-time basis for each hour that she worked.

13. Regardless of defendant's pay practices, in the performance of her duties plaintiff routinely worked in excess of 40 hours per week. Nevertheless, defendant failed to compensate her at the legally required rate for the overtime hours which she worked.

14. Specifically, at times defendant compensated plaintiff on a straight-time hourly basis for her overtime hours and at other times defendant wholly failed to compensate her for her overtime work.

15. At all times relevant hereto, plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA.

16. Plaintiff repeatedly objected to defendant's unlawful overtime pay practices which were violative of the FLSA.

17. In late October 2020 defendant advised plaintiff that it was again changing its pay practices and beginning on or about November 1, 2020 she would no longer be paid additional compensation when she worked more than 40 hours in a week; instead, she would be working without pay during that time. Plaintiff objected and explained that she felt defendant's failing to pay her overtime was illegal. She also related that she was spending the majority of her workdays

cooking as opposed to managing.

18. Shortly thereafter, defendant terminated plaintiff's employment on or about November 24, 2020.

### IV. Count I -- Violation of Fair Labor Standards Act
### (Overtime Compensation)

19. Plaintiff realleges and incorporates herein paragraphs 1 through 18, above.

20. Defendant is subject to, and not exempt from, the provisions of the FLSA.

21. Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA. Additionally, there were no exemptions under the FLSA which would be applicable to plaintiff.

22. Throughout plaintiff's employment with defendant, defendant was fully aware of the FLSA and the obligations imposed by it to pay overtime compensation.

23. Nevertheless, defendant willfully and intentionally failed and refused to properly compensate plaintiff and pay her overtime wages. Such conduct of defendant constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

24. As a result of defendant's violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

25. Moreover, plaintiff has had to retain an attorney in order to collect the overtime wages owed to her by defendant.

WHEREFORE, plaintiff demands judgment against defendant for all unpaid overtime compensation; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other relief to which she may be entitled.

### V.  Count II -- Violation of Fair Labor Standards Act (Retaliation)

26. Plaintiff realleges and incorporates herein paragraphs 1 through 18, above.

27. Plaintiff objected to defendant's unlawful overtime pay practices.

28. A determinative factor in defendant's decision to discharge plaintiff was the fact that she had objected to defendant's unlawful overtime pay practices.

29. The foregoing facts and circumstances demonstrate that defendant violated the FLSA, which precludes employers from discharging or otherwise discriminating against any employee in retaliation for objecting to defendant's violations of that Act.

30. The defendant knew or should have known that the above-referenced actions were discriminatory, and that such actions violated the FLSA. Nevertheless, defendant acted willfully, intentionally, and in reckless disregard for the rights of plaintiff.

31. As a direct and proximate result of the actions of defendant, plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, she has or will suffer lost wages. Moreover, she suffered a diminished ability to earn a living, and the loss of capacity to enjoy her life. Plaintiff's damages have been experienced in the past, and they will continue into the future.

32. Plaintiff has been required to hire an attorney to assert her claims and protect her rights.

WHEREFORE, plaintiff demands judgment against defendant for back pay, liquidated damages, damages for humiliation, loss of capacity to enjoy her life, mental and emotional distress, physical discomfort, compensatory damages, interest -- including prejudgment interest, lost wages, costs and attorneys' fees, and such other relief as this Court deems appropriate.

### *VI.  Count III -- Unpaid Wages*

33. Plaintiff realleges and incorporates herein paragraphs 1 through 18,

above.

34. As part of plaintiff's remuneration in her employment with defendant, plaintiff was to receive vacation pay which would accrue to her benefit.

35. Defendant failed to pay plaintiff twenty-eight (28) days of accrued leave which she had earned but which she was not afforded the opportunity to take.

36. Plaintiff requested that defendant pay her for the vacation time which she had accrued, but defendant refused to tender that payment.

37. Plaintiff has performed all conditions precedent to bringing this action or the conditions have occurred or been waived.

38. Plaintiff has been required to hire an attorney to assist her with obtaining the wages which are owed to her.

WHEREFORE, plaintiff demands judgment against defendant for unpaid wages (vacation pay), interest (including pre-judgment interest), costs, attorneys' fees, and any other relief to which she may be entitled.

*Plaintiff demands jury trial on all issues contained in this Initial Complaint which are so triable.*

                                            Respectfully submitted,

                                            s/Bradley S. Odom
                                            Bradley S. Odom, Esq.
                                            Florida Bar Number:   932868
                                            Richard D. Barlow, Esq.
                                            Florida Bar Number:  0425176
                                            ODOM & BARLOW, P.A.
                                            1800 North "E" Street
                                            Pensacola, Florida  32501
                                            (850) 434-3527
                                            Attorneys for Plaintiff
                                            email@odombarlow.com